# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DALE PHILLIPS,[1]      )
     )
     Plaintiff,     )
     )
     v.     )     Case No. 4:26-cv-00005-RK
     )
AUTO-OWNERS (MUTUAL)     )
INSURANCE COMPANY; HANNAH E.     )
FLETCHER; and J's SOUTHLAND TOW     )
SERVICE, L.L.C.;     )
     )
     Defendants.     )

## ORDER

This action was originally filed in the Circuit Court of Cass County, Missouri, and was removed to this Court by Defendant Auto-Owners (Mutual) Insurance Company ("Auto-Owners"). (Doc. 1.) Now before the Court is (1) Plaintiff's motion to dismiss or in the alternative motion to remand, (Docs. 6, 7), and (2) Auto-Owners' post-removal motion to set aside judgment of default against Hannah Fletcher, (Doc. 13). Auto-Owners filed suggestions in opposition to Plaintiff's motion to dismiss or remand, (Doc. 8); Plaintiff has not filed a reply brief, and the time to do so has expired. *See* Local Rule 7.0(c). After careful consideration and for the reasons explained below, the Court **ORDERS** that (1) Plaintiff's motion to dismiss or in the alternative motion to remand is **GRANTED in part**, and this case is **REMANDED** to the Circuit Court of Cass County, Missouri; and (2) Auto-Owners' post-removal motion to set aside default judgment is **DENIED as moot**.[2]

---

[1] On June 29, 2026, Auto-Owners filed a Suggestion of Death as to Dale Phillips. (Doc. 25.) At this time, however, there has been no request to substitute for Dale Phillips any other party-plaintiff. To the extent Mr. Phillips' claims survive his death, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). The 90-day period under Rule 25(a) to substitute has not yet run—it expires September 27, 2026, and no party has sought substitution or any other relief at this juncture. The Court proceeds accordingly.

[2] The Court acknowledges and offers its gratitude to Payton Garrett, a judicial intern and rising third-year law student at the University of Missouri, for her assistance in researching and drafting this Order.

## Background

Plaintiff alleges that on April 30, 2025, while driving in Harrisonville, Missouri, his vehicle was struck by a vehicle driven by Hannah Fletcher. (Doc. 1-1 at ¶ 7.) Plaintiff made two insurance claims for uninsured motorist coverage and property damage to his insurer, Auto-Owners. (*Id.* at ¶ 9.) Auto-Owners denied the uninsured motorist coverage. As to the property damage claim, Auto-Owners deemed Plaintiff's vehicle to be worth $9,720 then made several deductions including $4,660 for the amount owed to J's Southland Tow Service, LLC ("J's Southland") for storage fees. (*Id.* at 2.)[3] Auto-Owners paid the $4,660 for storage fees directly to J's Southland.

Plaintiff filed two cases in state court arising from the foregoing collision and insurance dispute. Plaintiff filed the first case on August 7, 2025, against Hannah Fletcher for negligence.[4] *Phillips v. Fletcher*, Case No. 25CA-CC00311 (Cass Cnty. Cir. Ct.) ("State Case 1"). Fletcher did not appear in or otherwise defend State Case 1. On October 16, 2025, the state court entered default judgment in favor of Plaintiff and against Fletcher. A little over two and a half weeks later, on November 5, 2025, a "First Amended Petition for Damages" was filed by Plaintiff in State Case 1, naming as defendants Fletcher, Auto-Owners and J's Southland. The amended petition reasserts the negligence claim against Fletcher and adds a claim against Auto-Owners and J's Southland seeking declaratory judgment regarding the insurance policy, and asserts a claim for damages for breach of contract against Auto-Owners.[5] Then, almost two weeks later, on November 17, 2025, Plaintiff filed a second case in the Circuit Court of Cass County, *Phillips v. J's Southland*, Case No. 25CA-CC00454 ("State Case 2"), reasserting only the claims against Auto-Owners and J's Southland (seeking declaratory judgment and breach of contract) as asserted in the "First Amended Petition for Damages" filed in State Case 1.[6]

Auto-Owners purported to remove State Case 1 to federal court on January 5, 2026. That case was assigned Case No. 4:26-cv-00005-RK (W.D. Mo.) ("Removal Case 1"). One-and-a-half

---

[3] Plaintiff alleges Auto-Owners also deducted $14.50 for license and title fees and $500.00 for the insurance deductible.

[4] The parties agree that both Plaintiff and Fletcher are citizens of Missouri.

[5] The parties agree that J's Southland is a citizen of Missouri. Auto-Owners is a citizen of Michigan.

[6] State Case 2 does not assert the negligence claim against Fletcher (for which default judgment had already been entered in Plaintiff's favor in State Case 1 in early October) which was included in the "First Amended Petition for Damages" filed in State Case 1 following the entry of default judgment.

2

months later, on February 19, 2026, Auto-Owners removed State Case 2 to federal court, which was assigned Case No. 4:26-cv-00142-RK (W.D. Mo.) ("Removal Case 2"). In both removal cases, Auto-Owners invokes the Court's federal subject-matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). The Court addresses the two cases separately.[7]

Here—as to Removal Case 1—Plaintiff seeks to dismiss this case or in the alternative remand to state court. Auto-Owners opposes Plaintiff's motion to dismiss/remand.

Further facts are set forth below as necessary.

## Legal Standard

The Court construes Plaintiff's motion to dismiss as one brought pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[8] Rule 41(a) permits voluntary dismissal of a case by a plaintiff under certain circumstances. After an answer has been served by the opposing party, "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). "When ruling on a Rule 41(a)(2) motion, district courts must consider 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022).

In a removal case, remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The "[f]ederal courts are courts of limited jurisdiction" and possess authority only over those cases for which they have subject-matter jurisdiction. *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022) (quoting *Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021)). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* at 620.

---

[7] As to Removal Case 2 (Case No. 4:26-cv-00142-RK), as set out in the Court' separate Order entered in that case, the Court finds that J's Southland was fraudulently joined and therefore its non-diverse citizenship does not prevent removal, and therefore the Court denies Plaintiff's motion to remand. *See* Removal Case 2 (doc. 17).

[8] Plaintiff fails to address under what authority he brings his motion to dismiss. Auto-Owners construed it as a motion to dismiss under Rule 41(a). The Court does the same.

**Discussion**

This case concerns the removal of State Case 1, which was removed to federal court by Auto-Owners based on diversity of citizenship as between Plaintiff and Auto-Owners and the fraudulent joinder of the non-diverse defendants, J's Southland and Fletcher. Plaintiff contends that Fletcher is a properly joined and necessary party to this case. Plaintiff argues that this Removal Case 1 should be dismissed or remanded back to state court, arguing primarily that the state court lost jurisdiction as to State Case 1 after 30 days passed following entry of default judgment and that the Court should abstain from exercising jurisdiction because these issues are pending in a second state court case, State Case 2.[9]

The Court finds that the unusual procedural posture of this case—including questions regarding the finality of the default judgment and the necessity of non-diverse Defendant Fletcher—establishes significant doubt as to this Court's subject-matter jurisdiction. Auto-Owners has not assuaged these doubts or carried its burden to establish federal subject-matter jurisdiction as the party defending against remand. *Null v. State Farm*, 649 F. Supp. 3d 865, 868 (W.D. Mo. 2023) ("A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence." (citing *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620)).

## I. Lack of Civil Action to Remove 30 Days After Default Judgment

Plaintiff argues that the state court lost jurisdiction over the case 30 days after entry of default judgment. "Under Rule 75.01 [of the Missouri Rules of Civil Procedure], a trial court retains control over its judgments, including default judgments, for thirty days." *Universal Credit Acceptance, Inc. v. Randall*, 541 S.W.3d 726, 729 (Mo. Ct. App. 2018). "At the expiration of that thirty-day period, the judgment becomes final and the trial court is divested of jurisdiction *over the case*." *Id.* (emphasis added). Thus, in essence, the question is whether Auto-Owners' purported removal was a legal nullity.

---

[9] Since Plaintiff filed the instant motion, Auto-Owners removed State Case 2 to federal court. *See* Removal Case 2, No. 4:26-cv-00142-RK (doc. 1). Accordingly, the Court does not address Plaintiff's abstention argument further. Additionally, Plaintiff also argues that State Case 1 is not removable to the extent it includes a garnishment proceeding (purportedly asserted against Auto-Owners, Plaintiff's insurer, related to the default judgment Plaintiff obtained against Fletcher, the third-party tortfeasor). Given the Court's findings below, however, the Court also does not reach Plaintiff's argument regarding removability as to the garnishment action.

4

Auto-Owners argues that the state court had not lost jurisdiction over the whole case because Missouri law authorizes a court to set aside a default judgment, in some circumstances, up to one year after entry of default judgment. Specifically, Missouri Supreme Court Rule 74.05(d) provides that a court may set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown" if the motion is filed "within a reasonable time not to exceed one year after the entry of the default judgment." *See also* 74.06(c). However, it is well-established under Missouri law that motions to set aside filed under Rule 74.05(d) are "an independent action and not an authorized after-trial motion . . . ." Mo. R. Civ. P. 74.05(d). As the Missouri Court of Appeals has explained, "a motion to set aside . . . is in the nature of an independent proceeding." *Universal Credit Acceptance*, 541 S.W.3d at 730. In other words, when a Missouri state court considers a motion to set aside a default judgment, it is necessarily exercising jurisdiction distinct from that which it exercised over the underlying case. *Id.* at 729 (finding that "jurisdiction over the motion to set the default judgment aside" comes from "Rule 74.06 or 74.05 because [the motion to set aside] was an independent proceeding").

The Missouri Court of Appeals' decision in *University Credit Acceptance* is instructive. In that case, Universal Credit obtained a default judgment against Randall in Missouri state court. *Id.* at 727. Within a year, Randall filed a motion to set aside the default judgment. *Id.* Shortly thereafter, Universal Credit filed its first notice that it was dismissing the claim against Randall with prejudice, which Randall opposed. *Id.* at 728. Universal Credit then filed another notice of dismissal with prejudice. *Id.* The trial court subsequently purported to grant Randall's motion to set aside the default judgment by writing "so ordered" across the motion, after which Randall filed an answer to the petition. *Id.* Universal Credit moved to strike the answer and then filed a third motion to dismiss with prejudice. *Id.* The trial court found that it had lost jurisdiction over the case when Universal Credit filed its first voluntary dismissal and that by operation of the voluntary dismissal the default judgment was set aside. *Id.*

On appeal, the Missouri Court of Appeals held that the original default judgment terminated the civil action and divested the trial court of jurisdiction after 30 days, leaving no case for Universal Credit to voluntarily dismiss because the trial court had not properly granted the motion to set aside.[10] *Id.* at 730. In other words, the court held that there was no civil action for

---

[10] The Missouri Court of Appeals emphasized that a motion to set aside is a separate proceeding, noting that "due to the independent nature of the proceeding, the ruling on a motion to set aside a default

5

Universal Credit to voluntarily dismiss where a default judgment had been entered and over 30 days had elapsed.

Auto-Owners accordingly argues that *Universal Credit Acceptance* defeats Plaintiff's motion to dismiss this case because, absent a properly granted motion to set aside, Plaintiff cannot voluntarily dismiss this lawsuit because there *is no civil action to dismiss*. The Court agrees that *Universal Credit Acceptance* applies here and forecloses Plaintiff from voluntarily dismissing the case prior to an order granting the motion to set aside. Thus, Plaintiff has not shown "a proper explanation for [his] desire to dismiss" under Rule 41(a)(2), *Tillman v. BNSF Ry. Co.*, 33 F.4th at 1027, and Plaintiff's motion to dismiss is **DENIED**.

Plaintiff alternatively moves to remand the case to state court. Though Auto-Owners argues that there is no civil case for Plaintiff to voluntarily dismiss, it fails to extend this same reasoning to its own attempted removal of the case. As set out above, Auto-Owners' notice of removal was filed on January 5, 2026, long past the 30-day period in which the default judgment became final. The Court finds that the reasoning in *Universal Credit Acceptance* applies with equal force as to Auto-Owners' purported removal as to Plaintiff's attempt to dismiss. Here, the state court was divested of jurisdiction 30 days after it entered default judgment. To revive jurisdiction at that point, the trial court would have had to grant a motion to set aside the default judgment. *Universal Credit Acceptance*, 541 S.W.3d at 730 ("Only the proper granting of a motion to set aside could have the effect of setting that final default judgment aside. Only then would there exist again a pending 'civil action' that a plaintiff would have the ability to voluntarily dismiss."). This is so even though a party may file a motion to set aside for up to a year after entry of default because motions to set aside are considered independent actions under Missouri law, jurisdiction over which arises from Rule 74.06 or 74.05 of the Missouri Rules of Civil Procedure.

The parties did not address in their briefing the effect that filing the purported "First Amended Petition for Damages" had on the finality of the default judgment. Regardless, the Court finds that the default judgment became final 30 days after it was entered, and that at the very least this finality divested the state court of its jurisdiction over the case. *Universal Credit Acceptance*, 541 S.W.3d at 729; *see Global Control Sys. v. Leubbert*, No. 4:14-cv-00657-DGK, 2016 WL 1092914, at *2 (W.D. Mo. Mar. 21, 2016) ("[T]he federal court 'takes the case up where the State

---

judgment must be denominated a 'judgment' or 'decree' in order to effectively set that default judgment aside." *Universal Credit Acceptance*, 541 S.W.3d at 730.

court left it off' and does 'not vacate what had been done in the State court previous to the removal.'" (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1879)). When Auto-Owners removed this case to federal court on January 5, 2026, the default judgment entered on October 16, 2025, had become final on November 15, 2025. So, the default judgment the state court entered necessarily came with the case when it was removed.[11] And it does not appear that the state court had jurisdiction over the case at the time of removal because there was no motion seeking nor order granting a motion to set aside that default judgment.

This is enough to call into question this Court's jurisdiction over the case, or more precisely, whether there was a case that could be removed at all or whether Auto-Owners' purported removal was a legal nullity.[12] "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. Auto-Owners has not met its burden of showing that there was a case over which this Court has jurisdiction as the case stood when removed from state court, *i.e.*, more than 30 days post-default judgment. Therefore, Plaintiff's alternative motion to remand is **GRANTED**.

## II. This Case Lacks Complete Diversity

Moreover, even if there were a case over which the Court could exercise jurisdiction, it appears that the Court would otherwise lack subject-matter jurisdiction for lack of complete diversity of citizenship. Two named Defendants in the purported "First Amended Petition for Damages"—Hannah Fletcher and J's Southland—are citizens of Missouri and are thus non-diverse because Plaintiff is also a citizen of Missouri. Therefore, for this Court to exercise diversity-of-

---

[11] Auto-Owners cannot reasonably contest this point, and its post-removal motion to set aside depends on this Court being able to exercise jurisdiction over the underlying default judgment.

[12] Plaintiff argues that the federal court's "removal jurisdiction is derivative such that the federal court cannot acquire jurisdiction from a state court that lacks jurisdiction." (Doc. 7 at 6-7.) Plaintiff relies on *Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.*, 258 U.S. 377 (1922), for this proposition. However, the Eighth Circuit abandoned the concept of derivative jurisdiction after the 1985 amendment to 28 U.S.C. § 1441. *See North Dakota v. Fredericks*, 940 F.2d 333, 338 (8th Cir. 1991) ("[W]e hold that the doctrine of derivative jurisdiction, as applied to defeat removals, should be abandoned completely."). In light of the 2002 amendments to § 1441, there is some debate whether derivative jurisdiction applies to removals under statutes other than § 1441, but the Eighth Circuit has not weighed in on the issue. *See James v. Bleigh Constr. Co.*, No. 2:19-cv-00017 NAB, 2019 WL 2027613, at *2 (E.D. Mo. May 8, 2019). Accordingly, the Court's ruling herein does not rely on the concept of derivative jurisdiction, but rather on the finding that there was not a case to remove from state court.

citizenship jurisdiction it must disregard those Defendants' citizenships. Auto-Owners argues that the Court may do so based on the fraudulent joinder doctrine.

A federal court may retain jurisdiction despite insufficient complete diversity when the nondiverse party has been fraudulently joined. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) ("[T]he petitioners were required to show fraudulent joinder to eliminate the non-diverse parties."). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810. Conversely, where there exists a "colorable" cause of action, meaning that the state law might impose liability under the facts alleged, there is no fraudulent joinder. *Metro. Med. Soc'y of Greater Kan. City v. Exec. Risk Indem. Inc.*, No. 05-0864-CV-W-DW, 2005 WL 3132326, at *1 (W.D. Mo. Nov. 22, 2005) (citing *Filla*, 336 F.3d at 810). "The defendant must show 'by clear and convincing evidence that joinder was fraudulent, and the burden is a heavy one.'" *Gleason v. Farmers Ins. Exch.*, No. 16-cv-00329-DW, 2016 U.S. Dist. LEXIS 192804, at *4 (W.D. Mo. June 10, 2016) (citing *Polito v. Molasky*, 123 F.2d 258, 260 (8th Cir. 1941)).

Auto-Owners has not met its burden of showing there is no reasonable basis to predict that Fletcher might be liable under Missouri law based on the facts involved. As set out above, the purported "First Amended Petition for Damages" included a negligence claim against Fletcher. Indeed, Fletcher has already been held liable for negligence in Missouri state court in the default judgment. The Court is not persuaded by Auto-Owners' argument that Fletcher is now somehow fraudulently joined or merely a nominal defendant because the default judgment has already been entered against her.[13] Fletcher's interest in this case clearly remains, particularly given Auto-Owners' clear intention to challenge the default judgment and the fact that it appears that the judgment against Fletcher has yet to be recovered by Plaintiff. Despite the fact that Fletcher did not appear in the state adjudication prior to entry of default judgment, Auto-Owners has provided no authority showing that Fletcher is not now entitled to challenge the default judgment (as Auto-Owners did itself in its post-removal motion to set aside). Given the foregoing, Auto-Owners has

---

[13] Specifically, Auto-Owners argues that the restated negligence claim against Fletcher in the "First Amended Petition for Damages" is barred by *res judicata* in light of the default judgment, citing two out-of-circuit cases which found fraudulently joined a party against whom default judgment had already been entered in state court prior to removal. The Court recognizes that Plaintiff has already litigated his negligence claim against Fletcher and obtained judgment against her, such that he cannot again assert the same claim and recover twice; however, this does not negate Fletcher's continued interest in the case as a judgment debtor and/or challenger of the default judgment.

8

not met its burden to show fraudulent joinder of Fletcher or that Fletcher is merely a nominal party in this litigation.[14]

Accordingly, Plaintiff and Fletcher, who are both citizens of Missouri, defeat complete diversity, and the Court lacks subject-matter jurisdiction over this case and it must be remanded to state court.[15]

**Conclusion**

Accordingly, after careful consideration and for the reasons explained above, the Court **ORDERS** that (1) Plaintiff's motion to dismiss or in the alternative motion to remand is **GRANTED in part**, and this case is **REMANDED** to the Circuit Court of Cass County, Missouri; and (2) Auto-Owners' post-removal motion to set aside default judgment is **DENIED as moot**.

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 16, 2026

---

[14] The parties do not address whether Fletcher, a non-diverse Defendant, is properly joined in this case with regard to the pending post-removal motion to set aside. It appears that Fletcher would be a proper party to a motion to set aside in Missouri state court, as the default judgment directly implicates Fletcher's interests. Moreover, if the default judgment is ultimately set aside, Fletcher would clearly be a properly joined and necessary party to the relitigation of Plaintiff's negligence claim against her. This further calls into question this Court's subject-matter jurisdiction over this case.

[15] Because Fletcher was not fraudulently joined, and therefore complete diversity is lacking, there is no need for the Court to analyze whether there is a colorable claim against J's Southland in this case.

9